UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

IFEDOO N. ENIGWE,                )    CASE NO. 4:05 CV 2734
                                 )
        Petitioner,              )    JUDGE DAN AARON POLSTER
                                 )
    v.                           )
                                 )    MEMORANDUM OF OPINION
                                 )    AND ORDER
T.R. SNIZEIK,                    )
                                 )
        Respondent.              )

On November 22, 2005, pro se petitioner Ifedoo Noble Enigwe filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Enigwe, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), brings this action against the Warden at F.C.I. Elkton, T.R Snizeik.[1] Petitioner is seeking an order from this court that establishes a schedule of payments to repay the fine imposed by the sentencing court.

---

[1] The correct spelling of the warden's surname is "Sniezek."

*Background*

In his petition before this court, Mr. Enigwe asserts that the trial court imposed a sentence of 235 months imprisonment, five years supervised release and a fine totaling $10,000.00. He cites United States v Coates, 178 F.3d 681 (3rd Cir. 1999) to support his assertion that the court failed to establish a payment schedule as required "by statute." He claims that 18 U.S.C. § 3572 vests sole authority in the district court to schedule restitution payments and that as long as the Bureau of Prisons (BOP) is setting the payment schedule it is usurping the authority of the district court. He urges this court to "utilize its Article III powers to complete this sentence of fine by ordering a payment schedule." (Pet. at 2.) He recommends a payment schedule of $25.00 per quarter, or more should his monthly income exceed $590.00.

*28 U.S.C. § 2241*

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his sentence is being executed. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir.1998); Perez v. Hemingway, 157 F.Supp.2d 790, 793 (E.D.Mich. 2001). Mr. Enigwe's challenge to the BOP's payment schedule for the fines that were imposed in his federal criminal case concerns the execution of his sentence and is therefore correctly framed as a habeas claim brought pursuant to Section 2241. See Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir.2002).

*Prisoner Payment of Financial Obligations*

The Code of Federal Regulations outlines the Inmate Financial Responsibility Program (IFRP), which has been described as "a work program instituted by the Bureau of Prisons to encourage 'each sentenced inmate to meet his or her legitimate financial obligations.'"

Weinberger v. United States, 268 F.3d 346, 360 (6th Cir.2001)(quoting Montano-Figueroa v. Crabtree, 162 F.3d 548, 548 (9th Cir.1998)(quoting 28 C.F.R. § 545.10)).  During the initial classification process, a BOP staff member assists any inmate in developing a financial plan to meet his financial obligations.  See 28 C.F.R. § 545.10.  Through the IFRP, an inmate can develop a financial plan that facilitates the payment of his financial obligations, such as fines or restitution payments, while incarcerated.  See 28 C.F.R. § 545.11.  When an inmate refuses to comply with the provisions of his financial plan it may result in up to ten possible punishments, including not receiving bonus pay or vacation pay, being subject to a more stringent monthly commissary spending limitation, and being assigned the lowest housing status. 28 C.F.R. § 545.11(d).  Whether this is the basis for some of petitioner's alleged injuries is not clear.  Notwithstanding his failure to exhaust administrative remedies, Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)(federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus relief), it is clear that his challenges are without merit.

As a threshold matter, Mr. Enigwe's reliance on Coates is inapposite.  In Coates the Third Circuit Court of Appeals held that the district court committed plain error in ordering the defendant to pay restitution without satisfying mandatory requirements of Mandatory Victims Restitution Act (MVRA) that it specify in the restitution order the manner and schedule of payments to be made and consider the defendant's financial resources. The MVRA applies to sentencing proceedings in cases in which the defendant is convicted on or after April 24, 1996. See 18 U.S.C. § 3664.  Mr. Enigwe states that he was sentenced on September 13, 1993, for criminal activity that obviously took place before 1996.  Therefore, application of the MVRA to Mr. Enigwe is inappropriate here.

With respect to his claim that the IFRP amounts to a usurpation of the sentencing court's Article III powers or is a violation of the separation of powers doctrine, courts have roundly rejected this argument. Montana-Figueroa v. Crabtree, 162 F.3d at 550; Alevras v. Snyder, 49 F.Supp.2d 1112, 1114 (E.D.Ark.1999). Before the enactment of the MVRA, the Sixth Circuit held that a district court did not abuse its discretion in delegating the scheduling of a defendant's restitution payments while he was in prison through the IFRP. Weinberger, 268 F.3d at 360-61. Weinberger, like the present case, dealt with the MVRA's predecessor statute, the Victim and Witness Protection Act ("VWPA"). See 18 U.S.C. § 3663. Moreover, the Third Circuit recognized the distinction between the two statutes in Coates when Judge Alito noted: "Unlike the MVRA, the VWPA provides the district courts with discretionary authority to schedule restitution payments." See Coates, 178 F.3d at 685; see also United States v. Davis, 306 F.3d 398, 425 (6th Cir. 2002)(addressing distinction between MVRA and VWPA).

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/Dan Aaron Polser 2/21/06*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

4