**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IFEDOO NOBLE ENIGWE,** | ) | **CASE NO. 4:05-cv-2734** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **T.R. SNEIZEK,** | ) | |
| | ) | |
| Respondent. | ) | |

Pro se Petitioner Noble Enigwe, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 22, 2005.[1] (ECF No. 1.) The Court dismissed the petition pursuant to 28 U.S.C. § 2243 on February 21, 2006. (ECF No. 3). Before the Court now is Petitioner's most recent pleading, entitled Motion to Recall Judgement Pursuant to Rule 60(b)(6)

---

[1] Respondent is the Warden at FCI, and the correct spelling of Respondent's name is "Sniezek."

**(ECF No. 9)** (the "Motion"), filed April 11, 2007.  For the following reasons, the Court **DENIES** Petitioner's Motion.

## I.  BACKGROUND

In 1993, a jury in the United States District Court for the Eastern District of Pennsylvania convicted Petitioner of four courts of trafficking in heroin.  (See ECF No. 7, 1.)  The district court sentenced him to 235 months in prison and five years of supervised release, and imposed a $10,000.00 fine (id.), as well as a $200.00 special assessment (ECF No. 9, Ex. A).  Petitioner's convictions and sentence were affirmed by the Third Circuit on direct appeal.  *United States v. Enigwe*, 26 F.3d 124 (3rd Cir. 1994) (table).

In November of 2005, Petitioner filed his § 2241 petition, arguing that the sentencing court failed to set a payment schedule for the fine, and therefore the Bureau of Prisons ("BOP") has illegally usurped Article III powers by setting the schedule and amount of payments pursuant to the Inmate Financial Responsibility Program ("IFRP").[2]  Petitioner further argued that the BOP acted arbitrarily in setting the IFRP payment schedule.  Petitioner requested that the Court "utilize its Article III powers to complete this sentence of fine by ordering a payment schedule" (ECF No. 1, 2), so that he could avoid the "inhumane, draconian punishment" of abiding by the results of the IFRP calculations and procedures (id.).  He

---

[2]The IFRP is a work program instituted by the Bureau of Prisons to encourage "each sentenced inmate to meet his or her legitimate financial obligations."  28 C.F.R. § 545.10.  The program allows for the development of a financial plan so that inmates may satisfy enumerated obligations, such as restitution payments, while incarcerated.  28 C.F.R. § 545.11(a).  The refusal by an inmate to comply with the provisions of his financial plan may result in up to ten possible punishments, including not receiving bonus pay or vacation pay, being subject to a more stringent monthly commissary spending limitation, and being assigned the lowest housing status.  28 C.F.R. § 545.11(d).  *U.S. v. Callan*, 96 Fed.Appx. 299, *300, 2004 WL 829886, **1 (6th Cir. April 13, 2004).

recommended a payment schedule of $25.00 per quarter, or more should his monthly income[3] exceed $590.00.[4]  (Id.)

The Court dismissed the petition (ECF No. 3), explaining that Petitioner had not only failed to exhaust his administrative remedies as required, but also that "it is clear that [Petitioner's] challenges are without merit."  (Id. at 3.)  Petitioner timely appealed the dismissal. The Sixth Circuit affirmed, reasoning that Petitioner had not established exhaustion of his administrative remedies and therefore dismissal without prejudice was appropriate.  (ECF Nos. 7, 8.)  Petitioner has since exhausted his administrative remedies (ECF No. 9, Exs. A-C), and requests the Court to "re-open" his case or, in the alternative, to consider his pleading a "fresh § 2241 motion."

## II.  JURISDICTION

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his sentence is being executed.  *Capaldi v. Ontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *Perez v. Hemingway*, 157 F.Supp.2d 790, 793 (E.D. Mich. 2001).  Petitioner's challenge to the BOP's payment schedule for the fines that were imposed in his federal criminal case concerns the execution of his sentence and is therefore correctly framed as a habeas claim brought pursuant to § 2241.  *See Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002).  Because Petitioner has now

---

[3]According to the documents filed in this case, $525.00 had been deposited in Petitioner's inmate trust fund account for the six-month period preceding his petition.  It is not clear whether this was entirely the result of family and friends sending Petitioner money, or if Petitioner actually earned some of the amount as "income" through work in prison.

[4]Petitioner requests that the Court allow him to have $300.00 per month for phone calls, plus the maximum $290.00 for commissary shopping, hence the $590.00 figure.

exhausted his administrative remedies, the Court may consider the merits of Petitioner's claims and make a final ruling accordingly.

## II. ANALYSIS

Petitioner's Motion essentially repeats one of the arguments he made in his initial § 2241 petition, as he argues that the IFRP schedule "is arbitrary and clearly inconsiderate and imposes more punishment upon inmates who have fines to pay by barring them from shopping the prison commissary where every other inmates [sic] are allowed up to $295 per month to shop for what they need to sustain." (ECF No. 9, 2.) While Petitioner's Motion does not repeat his "usurpation" allegations, he claims that he cannot send financial assistance to his minor son under the current (IFRP) payment calculation and schedule. Petitioner appears to make the same request for Court modification of his fine payment schedule.[5] As before, Petitioner's arguments are without merit.

The sentencing court's Judgment in a Criminal Case states that Petitioner's "fine is to be paid in accordance with" the IFRP. (See ECF No. 9, Ex. A.) The BOP is authorized to use the IFRP to ensure that inmates make good-faith progress toward satisfying their court-ordered obligations. *See, e.g.*, *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1998). The fine

---

[5]Petitioner's Motion contains two similar but critically different proposals. As he urged in his 2005 § 2241 petition, he suggests that he "be allowed to pay 20% of whatever income that he receives above and beyond the $25.00 quarterly payment that he currently makes." (ECF No. 9, 3.) On the other hand, in the next paragraph, Petitioner requests that "[t]his Court should consider modifying [Petitioner's] fine and require that he makes [sic] payments of 20% of whatever income that he receives." (Id.) The administrative appeals response letters also indicate that Petitioner, in exhausting his administrative remedies, proposed paying 20% of his income above $450.00 toward his fine, which is different than his proposal to pay 20% of his income above $590.00 per month toward his fine plus the minimum $25.00. Thus, the Court is not sure what, precisely, Petitioner is requesting, although it seems clear that the result of his request would be in variance with the IFRP calculations and schedule.

calculation and payment schedule is not arbitrary as Petitioner contends, but instead is the result of an established and clearly outlined review procedure. (See ECF No. 9, Exs. A-C.) The exhibits attached to his Motion – the written responses to Petitioner's administrative appeals – clearly explain that Petitioner is subject to the minimum required payment of $25.00. (See ECF No. 9, Ex. C) (explaining that inmates in Petitioner's category are subject to a minimum quarterly payment of $25.00 under the IFRP.) Furthermore, the exhibits explain that the IFRP calculation process works as follows: starting with the total monies deposited in the inmate's trust fund account in the preceding six months ($525.00 for Petitioner), the inmate's IFRP contributions are subtracted (Petitioner made two quarterly $25.00 payments during that time period), and $75.00 per month is excluded for telephone calls ($75.00 x 6 months = $450 excluded per six month period).[6] Any remaining monies may be used to adjust the inmate's IFRP plan. After the above calculations, Petitioner had $25.00 remaining, and the BOP determined that continuing his $25.00 quarterly payments was appropriate as a result. (See generally, ECF No. 9, Exs. A-C.)

That Petitioner disagrees with the end result of the IFRP's procedures or deems the IFRP "inconsiderate" is not grounds for a legal challenge to his payment calculation or schedule. Essentially Petitioner seeks to have the Court order that he can exclude $590.00[7] per month from the IFRP calculations rather than the $75.00 currently excluded, so that he can make

---

[6]Therefore Petitioner's calculations are as follows: $525.00 – $50.00 – $450.00 = $25.00.

[7]According to Petitioner's proposal in the § 2241 petition, he makes phone calls to family and friends in Africa that cost $1.00 per minute. Inmates apparently are allowed a maximum of 300 minutes for telephone calls per month, and thus Petitioner seeks to have $300.00 per month for phone calls. Further, inmate shopping at the commissary is apparently limited to $290.00 per month. Added together, Petitioner seeks $590.00 per month excluded from his IFRP formula.

expensive long-distance calls and have the maximum amount of commissary spending money each month without triggering a recalculation of his IFRP fine calculation and schedule. Such an arrangement, however, would not be in accordance with the IFRP, and therefore not in accordance with Petitioner's sentence. Moreover, as the Court explained in its previous dismissal opinion and order, the argument supporting Petitioner's "usurpation" claims has been roundly rejected. (ECF No. 3, 4 (citing *Montana-Figueroa v. Crabtree*, 162 F.3d 548, 550 (9th Cir. 1998))). Accordingly, Petitioner's claims and arguments in his § 2241 petition and Motion are without merit, and dismissal is appropriate.

Furthermore, despite Petitioner's apparent representations in his Motion that he is being forced to pay an amount in excess of $25.00 quarterly, the evidence does not support this position. The petition and Motion reveal that Petitioner, in fact, pays $25.00 quarterly, a conclusion which is supported by the administrative appeal responses. It is true that if Petitioner is fortunate enough to receive $590.00 per month from family and friends, then the bulk of that will be figured into a recalculation of his IFRP payment plan, and his payments may increase in amount and/or frequency. That is not the case currently, however, and even if it was, such developments would be fully in accordance with the IFRP (and, therefore, in accordance with Petitioner's sentence) and not grounds for a successful § 2241 petition.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Motion **(ECF No. 9)** is **DENIED**, and his § 2241 petition **(ECF No. 1)** is **DISMISSED WITH PREJUDICE**. The court certifies,

pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                      */s/ Dan Aaron Polster    April 26, 2007*
                                      **Dan Aaron Polster**
                                      **United States District Judge**